<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SUPER 8 WORLDWIDE, INC.,** *Plaintiff*, v. **GAJANAN CORPORATION, et al.,** *Defendants*. | Civil Action No. 14-5967 OPINION |

ARLEO, UNITED STATES DISTRICT JUDGE

This matter comes before the Court on Plaintiff Super 8 Worldwide, Inc.'s ("SWI") motion for final judgment by default pursuant to Federal Rule of Civil Procedure 55(b)(2). For the reasons set forth herein, the motion is **GRANTED**.

### I.  BACKGROUND

SWI is one of the largest guest lodging franchise systems in the United States. SWI owns and has the exclusive right to license the service mark SUPER 8 and various related trade names, trademarks, as well as service marks, logos, and derivations thereof (the "Super 8 Marks").

On February 20, 1998, SWI entered into a franchise agreement (the "Franchise Agreement") with Defendant Gajanan Corporation ("Gajanan"). Through this Franchise Agreement, Gajanan agreed to operate a Super 8 facility for twenty years, was permitted to use the Super 8 Marks, and was obligated to make certain payments to SWI. Defendants Kaushik Patel, Manisha Patel, and Pravinbhai Patel executed personal guaranties (the "Guaranties") for Gajanan's obligations under the Franchise Agreement. Gajanan breached the Franchise Agreement and failed

to cure. SWI then terminated the Franchise Agreement, but Defendants continue to use the Super 8 Marks.

SWI filed a Complaint on September 24, 2014, seeking monetary damages. SWI voluntarily sought to dismiss Pravinbhai Patel on February 11, 2015, and that dismissal was ordered by the Court on February 13, 2015. Defendants Gajanan, Kaushik Patel, and Manisha Patel ("Remaining Defendants") have been served with a summons and copy of the Complaint. See Proof of Service, Dkt. No. 6. The time for Defendants to answer or otherwise move as to the Complaint has expired. The Clerk entered default against the Remaining Defendants on December 17, 2014. On February 11, 2015, SWI filed the instant motion for final judgment by default against the Remaining Defendants. To date, the Defendants have not filed any opposition to the motion.

## II. STANDARD OF REVIEW

"The district court has the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred." Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp., 596 F. Supp. 2d 842, 847 (D.N.J. 2008). Before entering default judgment the court must: (1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages. See Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008); Wilmington Savings Fund Soc., FSB v. Left Field Props., LLC, No. 10-4061, 2011 WL 2470672, at *1 (D.N.J. June 20, 2011). Although the facts pled in the Complaint are accepted as true for the purpose of determining liability, the plaintiff must prove damages. See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).

Additionally, prior to granting default judgment, the Court must make explicit factual findings as to: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default. Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, 250 F.R.D. 171, 177 (D.N.J. 2008).

### III. ANALYSIS

#### A. Jurisdiction & Service

The Court concludes it has both subject matter jurisdiction over this dispute and personal jurisdiction over the Remaining Defendants. First, the Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1332, and 1338. See Ramada Worldwide Inc. v. Courtney Hotels USA, LLC, No. 11-896, 2012 WL 924385, at *3 (D.N.J. Mar. 19, 2012). The Court also has personal jurisdiction over Remaining Defendants pursuant to their consent to jurisdiction as set forth in the Franchise Agreement and Guaranties. Id. Additionally, SWI has provided the Court with proof of service as to the Remaining Defendants.

#### B. Liability

The Court concludes SWI has pled a breach of contract claim against the Remaining Defendants as Plaintiff has pled the existence of a contractual relationship, that Defendants breached the Franchise Agreement by failing to remit the required payments, and resulting damages. See id.; Super 8 Worldwide, Inc. v. Sairam Corp., No. 13-6161, 2014 WL 4388697, at *1 (D.N.J. Sept. 4, 2014).

The Court also finds that SWI has stated a claim under the Lanham Act. "To prove trademark infringement, a plaintiff must show that: (1) the mark is valid and legally protectable; (2) the mark is owned by the plaintiff; and (3) the defendant's use of the mark to identify goods or

3

services is likely to create confusion concerning the origin or the goods or services." Ramada, 2012 WL 924385, at *4. Plaintiff has pled all of these elements. Compl. ¶¶ 12-15, 54-58.

### C. Appropriateness of Default Judgment

Next, the Court must consider: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default. Doug Brady, 250 F.R.D. at 177. The Court concludes that in the absence of any responsive pleading and based upon the facts alleged in the Complaint, the Remaining Defendants do not have a meritorious defense. See Ramada, 2012 WL 924385, at *5. Second, the Court finds that SWI will suffer prejudice absent entry of default judgment as SWI will have no other means of obtaining relief. Finally, the Court finds the Remaining Defendants acted culpably as they have been served with the Complaint, are not infants or otherwise incompetent, and are not presently engaged in military service. See Super 8, 2014 WL 4388697, at *2; see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 F. App'x 519, 523 (3d Cir. 2006) (holding that a defendant's failure to respond to communications from the plaintiff and the court can constitute culpability).

### D. Monetary Damages

SWI first seeks $91,396.29 in "Recurring Fees" as defined in the Franchise Agreement. Plaintiff has provided sufficient evidence of these damages. See Ex. M to Fenimore Aff., Dkt. No. 12-3; Franchise Agreement § 7.1, Dkt. No. 1, Ex. A.

SWI also seeks $89,500.48 in liquidated damages. Again, Plaintiff has provided sufficient proof of these damages. See Franchise Agreement § 12.1, Dkt. No. 1, Ex. A; Fenimore Aff. ¶¶ 44-51, Dkt. No. 12-3.

Additionally, SWI claims it is entitled to $8,875.38 for Lanham Act damages. To calculate this amount, SWI multiplied the average monthly Recurring Fees that were paid in the preceding 24 months by the number of months Defendants are confirmed to have been infringing the Super 8 Marks. This amount was then tripled because Defendants' violation was deliberate and willful. Fenimore Aff. ¶ 53, Dkt. No. 12-3. This method of calculating damages has been approved by other courts in this District under similar circumstances. See Super 8, 2012 WL 924385, at *6. Here, the Court concludes that SWI has sufficiently proven their Lanham Act damages.

SWI also seeks $5,477.64 in attorneys' fees and costs, which the Franchise Agreement expressly authorizes. Franchise Agreement § 17.4, Dkt. No. 1, Ex. A. SWI has provided the Court with sufficient proof of these damages. Couch Cert., Dkt. No. 12-2, Ex. B.

Based upon the foregoing, judgment shall be entered against the Remaining Defendants Gajanan, Kaushik Patel, and Manisha Patel, jointly and severally, for: (1) $91,396.29 in Recurring Fees; (2) $89,500.48 in liquidated damages; (3) $8,875.38 in Lanham Act damages; and (4) $5,477.64 in attorneys' fees and costs.

### IV. CONCLUSION

For the reasons set forth above, SWI's motion for final judgment by default is **GRANTED.** An appropriate Form of Order accompanies this Opinion.


Dated: April 28, 2015                    */s Madeline Cox Arleo*
                                         **United States District Judge**